UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK, N.A. AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF BANC OF AMERICA FUNDING CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-H, ,<br><br>                               Plaintiff,<br><br>v.<br><br>STEVEN H. LUCORE; JUDY L. LUCORE; and DOES 1 to 10, Inclusive,,<br>                               Defendants. | Civil No.: 18 cv1664-JAH (JLB)<br><br>**ORDER:**<br><br>**(1) REMANDING ACTION SUA SPONTE;**<br><br>**(2) DENYING AS MOOT DEFENDANT'S MOTION TO CONSOLIDATE [DOC. NO. 3];**<br><br>**(3) DENYING AS MOOT PLAINTIFF'S MOTION TO REMAND [DOC. NO. 7]; AND**<br><br>**(4) VACATING MOTION HEARINGS** |

## INTRODUCTION

This matter comes before the Court on Defendant Judy Lucore's ("Defendant") third Notice of Removal from the Superior Court of the State of California, County of San Diego. For the reasons set forth below and pursuant to 28 U.S.C. § 1447(c), the Court **REMANDS** the matter to state court *sua sponte*.

1

**BACKGROUND**

On June 15, 2015, U.S. BANK, N.A ("Plaintiff") filed an unlawful detainer action against Steven Lucore, Judy Lucore, and all unnamed occupants ("Defendants") in the Superior Court of California, County of San Diego. *Doc. No.1* at 6. The complaint is designated as a limited civil case with a demand under $10,000 and contains one cause of action against all Defendants for unlawful detainer. *Id*.

On January 28, 2016, just before trial, Defendants filed their first notice of removal in the United States District Court for the Southern District of California Case No. 16-cv-00226-JLS-MDD alleging the existence of both diversity and federal question jurisdiction. On February 2, 2016, pursuant to Rule 42 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Defendants filed a Motion to Consolidate the state action with a district court case, *Lucore v. U.S. Bank, N.A,* No. 15-cv-2246 JLS (MDD). S*ee* No. 16-cv-00226-JLS (MDD), *Doc. No*. 4. Plaintiff filed a Motion to Remand on February 9, 2016. *Id.* at 5. On May 19, 2016, the court granted Plaintiff's motion to remand agreeing that removal was untimely and denied Plaintiff's Motion for Consolidation as moot. *Id*. at 13; *See also U.S. Bank, NA v. Lucore,* No. 18-cv-286 JLS (MDD), 2018 WL 2214046, at *2 (S.D. Cal. May 14, 2018). On May 26, 2016 the court denied Defendants' motion for reconsideration and *ex parte* application to stay. *Id.*at 20.

On February 7, 2018, Defendant Judy Lucore, appearing *pro se*, filed a second notice of removal in the same action along with a second motion to consolidate cases. *See U.S. Bank, NA v. Lucore*, No. 18-CV-286 JLS (MDD), 2018 WL 2214046, at *1 (S.D. Cal. May 14, 2018). In response, U.S. Bank filed a second motion to remand. *Id.* On May 14, 2018, the court granted Plaintiff's motion to remand on the same basis of untimeliness.[1] *Id.*at *3.

On July 23, 2018, approximately two months after the second remand and days before the latest trial date, Defendant Judy Lucore filed the instant Notice of Removal

---

[1] The court also mentions in a footnote that "there is no federal question jurisdiction" presented on the face of Plaintiff's complaint, citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

2

pursuant to 28 U.S.C. §§ 1441, 1443. *Doc. No.1*. Within the civil cover sheet Defendant lists her bankruptcy appeal (case no. 17-cv-32-JAH-LAB) as a related case[2]. *See Doc. No. 1-1*. The petition suggests that the state court does not have jurisdiction to proceed because the unlawful detainer action violates an automatic stay order of the bankruptcy court. *Doc. No.* 1 at 4. Defendant also filed a third Motion to Consolidate Cases. *Doc. No.3*. On July 31, 2018, Plaintiff filed its third Motion to Remand. *Doc. No. 7*. On August 8, 2018 the case was reassigned to this Court pursuant to Local Rule 40.1 (i.e. the Low Number Rule). *Doc. No. 8*. The matter is now pending before this Court.

## **LEGAL STANDARD**

The federal court is one of limited jurisdiction. *Gould v. Mutual Life Ins. Co. v. New York*, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 93-94 (1998). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Except as otherwise expressly provided by Act of Congress, a federal district court may exercise removal jurisdiction only where the court would have had original subject-matter jurisdiction had the action initially been filed there. 28 U.S.C. § 1441(a). The removal statute allows defendants to remove an action when a case originally filed in state court is between citizens of different states and involves an amount in controversy that exceeds $75,000. See 28 U.S.C. §§ 1441(a) and (b); 28 U.S.C. §§ 1331, 1332(a). The amount in controversy is determined as of the date of removal. *Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196 (N.D. Cal. 1998). "[T]he removing defendant bears the burden of establishing, by a preponderance of the evidence, that the

---

[2] Defendants' bankruptcy appeal was before this Court. *See In re Lucore,* No. 17CV34-JAH (JLB), 2018 WL 3752860, at *1 (S.D. Cal. Aug. 6, 2018)

amount in controversy exceeds [the jurisdictional amount]. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (quoting *Sanchez v. Monumental Life Ins. Co.* 102 F.3d 398, 404 (9th Cir. 1996)).

Defendants also have a right of removal in specific types of civil rights cases involving the denial of equal rights based on race in violation of federal civil rights laws. 28 U.S.C. §1443; *See Johnson v. Mississippi*, 421 U.S. 213 (1975). In order to invoke jurisdiction under 28 U.S.C. §1443, the removal petition must satisfy a two-pronged test: (1) "the right allegedly denied …must arise[ ] under a federal law 'providing for specific civil rights stated in terms of racial equality' " and (2) the petitioner must allege a denial or an inability to enforce "the specified federal right 'in the courts of (the) State.' " *Id.* at 219 (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)); *See also W. Virginia State Bar v. Bostic,* 351 F. Supp. 1118, 1121–22 (S.D.W. Va. 1972) ("Removal for protection of civil rights applies only where explicit law clearly shows federal rights will be denied by bringing the defendant to trial in the state court.")

At any time during the proceedings, a district court may *sua sponte* remand a case to state court if the court lacks subject matter jurisdiction over the case. 28 U.S.C. § 1447(c); *Smith v. Mylan Inc.,* 761 F.3d 1042, 1044 (9th Cir. 2014). In circumstances where defendant's removal of the action is objectively unreasonable, the Court may award attorney's fees under § 1447(c). *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140–41 (2005). A district court maintains jurisdiction after remand to enter an award of fees and costs under 1447(c). *See Moore v. Permanente Med. Group,* 981 F.2d 443, 445 (9th Cir.1992) ("[I]t is clear that an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits.") While the appropriateness of fee shifting is left to the discretion of the Court in this instance, the Court must be mindful of Congressional intent.

//

//

//

4

# DISCUSSION

## A. Subject-Matter Jurisdiction

The third notice of removal alleges both diversity and federal civil rights jurisdiction.

### 1. Diversity Jurisdiction: 28 U.S.C §1441(b)

Defendant's petition for removal asserts complete diversity exists. The petition alleges that Plaintiff is acting as trustee for a trust formed in the State of New York and Defendants are citizens of the State of California. It further alleges the amount in controversy exceeds $75,000 despite the Complaint's caption indicating that the "amount demanded does not exceed $10,000.00."

No subject matter jurisdiction exists when the face of the complaint indicates that the amount in controversy is less than the jurisdictional amount. *See Mutascu v. Botezatu*, 700 F. App'x 705 (9th Cir. 2017) (citing *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010)) (a federal court does not have subject matter jurisdiction if it is obvious from the face of the complaint that the suit does not involve the necessary amount.) Here, the face of the Complaint indicates the amount in controversy in this "limited civil case" is well below the $75,000 threshold.

Defendant asserts that the $373,500.00 payment made by U.S. Bank at the trustee's sale is sufficient to meet the jurisdictional amount. However, Defendant's focus on the purchase price of the property is misplaced. The "object of [the unlawful detainer] suit" is the unlawful possession and occupancy of the residential property by Defendants. Therefore, it is the rental value and not the purchase price that is at issue. *See Healy v. Ratta*, 292 U.S. 263, 268 (1934) (it is the value of the 'object of the suit', not including objects which are merely collateral or incidental to the determination of the issue, which determines the jurisdictional amount in the federal courts.) Defendant fails to establish by a preponderance of the evidence that § 1332's amount in controversy requirement is satisfied. *See Naffe v. Frey,* 789 F.3d 1030, 1040 (9th Cir. 2015) (where a party seeks to remove a case from state to federal court under 28 U.S.C. § 1441, the proponent of removal bears the burden of establishing federal jurisdiction by a preponderance of the evidence.)

Accordingly, the Court finds the notice of removal insufficient to establish diversity jurisdiction.

### *2. Federal Civil Rights Removal: 28 U.S.C. §1443*

Similarly, the Notice of Removal falls hopelessly short of alleging jurisdiction under 28 U.S.C. § 1443. The unlawful detainer action is predicated entirely on state law. Defendant does not allege a denial of a civil right based on federal law, nor can any potential construction of the petition give rise to an inference of racial discrimination.

Even if the Court were to construe Defendant's petition as alleging a violation of federal bankruptcy law for "continued violations of the Defendants' bankruptcy automatic stay," removal would not be appropriate under this statute. First, federal bankruptcy law does not "provid[e] for specific civil rights stated in terms of racial equality." *Johnson*, *supra*, 421 U.S. at 219. Second, assuming Defendant's civil rights were at issue, the petition fails to make a showing that the particular right could not be enforced in state courts. The lack of jurisdiction under section 1443 is irrefutable. Defendant's petition for removal fails to satisfy the two-pronged test laid out in *Johnson* and therefore Defendant cannot establish a proper basis for this Court's jurisdiction. Accordingly, the Court remands the matter to state court.

**B. Unreasonableness of Removal: 28 U.S.C. §1447(c)**

This Court is painstakingly familiar with the factual background of this case and the years of litigation between the parties, including Plaintiff's agents and assigns. Defendant's filing of a third notice of removal in this action is objectively unreasonable as evidenced by the multiple unsuccessful petitions for removal filed in district court, the frivolous allegations, Defendant's impeccable timing in filing the third notice of removal on the eve of trial, and recent reliance on a federal civil rights removal statute that is wholly inapplicable to the facts of this case. Further, Defendant's allegations against Plaintiff for violation of an automatic-stay order are meritless and have been invalidated by the

bankruptcy court, this Court on appeal, and the Bankruptcy Appellate Panel in multiple orders over the last several years.[3]

In an obvious state of desperation, Defendant Judy Lucore has filed a third notice of removal days before trial. The harassing nature of Defendant's conduct exceeds the bounds of latitude given to a *pro se* litigant. Defendant's actions are strategic and designed to delay proceedings in state court to avoid possible eviction. Such conduct is indicative of complete disregard for the judicial process and ultimately wastes judicial and opposing party resources. The delay tactics employed by Defendant in this case will not be disregarded by the Court nor will they be allowed to continue without reproach.[4].

As noted by the Supreme Court in *Martin*,

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

546 U.S. at 140.

Based on the Court's familiarity with the factual and procedural background of this case, pursuant to 28 U.S.C. § 1447(c) and 28 U.S.C. § 1441 *et seq.*, and upon review of: (1) the notice of removal, (2) the Register of Actions ("ROA") within the San Diego Superior Court case, and (3) the record in *U.S. Bank, NA v. Lucore et al.,* 16cv226-JLS (MDD) and *U.S. Bank, N.A. v. Lucore et al.,* 18cv286-JLS (MDD), the Court *sua sponte* remands the case to state court.

---

[3] *See In Re Lucore*, No. 17CV34-JAH (JLB), 2018 WL 3752860, at *1,*5 (S.D. Cal. Aug. 6, 2018).
[4] On August 6, 2018, the Court placed the Lucores on notice that continued frivolous and harassing conduct may result in sanctions. *See In Re Lucore*, at *8. Defendant filed the instant notice of removal on July 23, 2018. Defendant's third petition for removal predates, and therefore is not subject to sanctions pursuant to, this Court's August 6, 2018 order.

7

The Court acknowledges the Motion to Remand filed by Plaintiff in response to Defendant's third notice of removal in this action. The Court finds that payment of just costs and any actual expenses, including attorney fees, incurred as a result of this removal is appropriate in light of the procedural history of this case. In an effort to deter the Lucores from initiating future removals for the purpose of prolonging litigation, the Court retains jurisdiction to enter an award of reasonable fees and costs incurred pursuant to 28 U.S.C. § 1447(c); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-96 (1990).

### CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED**:

1. The case is **REMANDED** *sua sponte* to the Superior Court of California, County of San Diego, Central Division for further proceedings;
2. Defendant Judy Lucore's Motion to Consolidate [ Doc. No. 3] is **DENIED AS MOOT**;
3. Plaintiff U.S. Bank N.A's Motion to Remand to State Court is **DENIED AS MOOT**;
4. Plaintiff shall file supplemental briefing by **August 27, 2018** detailing actual expenses, costs and fees incurred as a result of removal by Defendant.
5. The hearings on Defendant Judy Lucore's Motion to Consolidate [Doc. No. 3] and Plaintiff U.S. Bank's Motion to Remand to State Court [Doc. No. 7] are **VACATED**.

**IT IS SO ORDERED**.

DATED: August 15, 2018

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE